IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TOM HAYDEN ENTERPRISES, INC., | Civ. No. 03-3034-CO |
| Plaintiff, | ORDER |
| v. | |
| SOUTHERN OREGON HOT BIKES, INC., | |
| Defendant. | |

Aiken, Judge:

Plaintiff filed suit for patent infringement under 35 U.S.C. § 283, alleging infringement of its patent, United States Patent No. 5,049,114 (the '114 patent) entitled "Self-Adjusting Chain Guide Tensioner," by defendant's chain tensioner known as the HB 125. The '114 patent teaches a device used to adjust for the natural stretch of a motorcycle chain that occurs during normal

-1- ORDER

operation. '114 Patent, Col. 1:10-14. Plaintiff seeks permanent injunctive relief, damages, and attorney's fees. Defendant denies infringement and asserts counterclaims for declaratory judgment of invalidity and non-infringement, unlawful trade practices under § 43(a) of the Lanham Act and Or. Rev. Stat. § 646.608(h), and intentional and negligent interference with economic relations.

On April 30, 2004, Magistrate Judge Cooney filed his Findings and Recommendation regarding construction of the '114 patent claims. Plaintiff objected to the proposed construction of Claim 1(b) as including "shim or shims," while defendant objected to the proposed construction of the claim term "vertically movable" in Claim 1(a)(ii) and the construction of Claim 1(b) as including "at least one spring." The court adopted the recommendations regarding claim construction under the applicable "clearly erroneous" standard, although leave was granted to renew objections regarding claim construction upon Findings and Recommendation issued on motions for summary judgment which require *de novo* review by the court. See 28 U.S.C. 636(b)(1)(B); Fed. R. Civ. P. 72(b).

On May 31, 2005, Magistrate Judge Cooney issued Findings and Recommendations on defendant's motions for summary judgment of non-infringement and invalidity after hearing and oral argument. Magistrate Judge Cooney recommends that defendant's motions be denied, because genuine issues of material fact exist as to whether defendant's accused device includes shims or springs for tensioning a motorcycle chain. Magistrate Judge Cooney also found that the

'114 patent disclosed a structure corresponding to the "means-plus-function" language in Claim 1(b) to overcome defendant's argument that the claim language was indefinite and therefore invalid. The matter is now before me.

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Both parties filed timely objections to the Findings and Recommendation. I have, therefore, given *de novo* review of Magistrate Judge Cooney's rulings, and I agree that defendant's motions for summary judgment should be denied and reaffirm Magistrate Judge Cooney's claim construction, with one exception.

Plaintiff renews its objection to Magistrate Judge Cooney's construction of Claim 1(b). Magistrate Judge Cooney construed Claim 1(b) as a means-plus-function element, and that the means for "movably positioning on another axis said rubbing block in contact with said movable chain" (i.e., tensioning the chain) is by way of at least one spring and shim or shims, with Claim 3 as a complete statement of the means for performing the function.

Plaintiff argues that neither the claim language nor the specification link the shim with the function of "movably positioning on another axis said rubbing block in contact with said

movable chain" as set forth in Claim 1(b), and therefore the claim language does not require shims. I disagree. The patent specification - with references to the specification drawings - discloses that "the springs (23) push the rubbing block (18) upward against the chain (5) acting as a chain tensioner. Depending upon the forces in the chain (5) the rubbing block will move up and down against the springs (23)." '114 Patent, Col. 2:38-42. The shims adjust "to provide a pre-load compressive force to the shims" and the "compressive force of the springs (23) can be controlled by the number or thickness of the shims." Id. Col 1:36-38, Col 2:43-44. Therefore, the shims provide the compressive force for the springs to position the rubbing block against the chain. Upon *de novo* review, I again adopt Magistrate Judge Cooney's construction.

Defendant also renews its objections to Magistrate Judge Cooney's construction of the phrase "vertically movable" in Claim 1(a)(ii), and that Claim 1(b) requires "at least one spring."

Claim 1(a)(ii) teaches "a carriage bolt with a carriage bolt head vertically movable within a slot of said slotted plate" which forms part of the means "for containing within one axis a rubbing block in contact with a movable chain." Magistrate Judge Cooney found that the phrase "vertically movable" meant that the chain tensioning unit itself does not move vertically, but that a carriage bolt with a head can be moved up and down to position the unit prior to operation. Accordingly, Judge Cooney construed Claim 1(a)(ii) to mean: "A carriage bolt with a head which can be moved

-4- ORDER

up and down to position the unit prior to operation within the slot of the slotted plate."

Defendant initially maintained that the phrase "vertically movable" should be construed as "free to move vertically," implying that the tensioner or parts of it were able to move at any time. I find that the claim language does not support this construction, and that its plain meaning supports Magistrate Judge Cooney's construction that the carriage bolt can be moved vertically to position the tensioning unit. However, I agree with defendant that no language in the claims or specification disclose when the carriage bolt can be moved to position the tensioning unit. Therefore, upon *de novo* review, I adopt Magistrate Judge Cooney's construction of Claim 1(a)(ii), except for the phrase "prior to operation." Thus, Claim 1(a)(ii) is construed to mean: "A carriage bolt with a head which can be moved up and down to position the unit within the slot of the slotted plate."

Defendant also renews its objection that the "means for movably positioning on another axis said rubbing block in contact with said movable chain" in Claim 1(b) should be construed to require two springs rather than "at least one spring." However, as found by Magistrate Judge Cooney, the claim language does not limit the device to two springs and does not conflict with the disclosure in the specification. Finally, the fact that the specification references the preferred embodiment with two springs does not mean that the claim language is so limited. See Laitram Corp. v.

Cambridge Wire Cloth Co., 863 F.2d 855, 865 (Fed. Cir. 1988) ("References to a preferred embodiment, such as those often present in a specification, are not claim limitations.").

With respect to defendant's motions for summary judgment, defendant first argues that plaintiff cannot establish infringement as a matter of law, because the accused HB 125 chain tensioner does not include the claimed element of a shim or shims. Plaintiff argues that a question of fact exists as to whether a version of defendant's chain tensioning device includes shims. Plaintiff relies on evidence it has presented showing the HB 125 with shims, including advertising materials and an instructional video. See Declaration of Delbert J. Barnard and attached exhibits. Defendant responds that the advertising and video relied upon by plaintiff reference former versions of the HB 125, and that the current version does not includes shims.

I agree that questions of fact exist as to whether a current or previous version of defendant's product includes shims. Other than its own representations that the evidence relied on by plaintiff is outdated and inaccurate, defendant presents no evidence that the current version of the HB 125 does not include shims, or evidence as to when it ceased producing a chain tensioner with shims. Given that an instructional video and other advertising reference shims when promoting the HB 125, a question of fact exist as to whether a version of HB 125 included shims during the period relevant to this lawsuit.

Alternatively, defendant argues that plaintiff cannot establish infringement, because the HB 125 operates to tension a chain through a hydraulic mechanism rather than by spring-loaded compression force. Defendant maintains that the springs in the HB 125 regulate oil pressure and cannot exert the compression force necessary to tension a chain. Therefore, defendant argues that the HB 125 springs do not perform the same function as claimed in the '114 patent. I agree with Magistrate Judge Cooney that a genuine issue of fact exists as to whether the springs contained in the HB 125, even when coupled with the hydraulic mechanism, constitute means for performing the claimed function of tensioning a chain. It is not clear which version of HB 125 is at issue and I cannot find - based on the sparse record currently before the court - that defendant is entitled to summary judgment on the issue of infringement.

Finally, defendant argues that the asserted claims of the '114 patent are invalid based on indefiniteness, because the specification does not disclose a structure corresponding to the claimed function of tensioning a chain. Specifically, defendant argues that the specification discloses a device with two spring and Claim 1(b), as construed, and Claim 3(c) teach a device with "at least one spring."

"[I]f one employs means-plus-function language in a claim, one must set forth in the specification an adequate disclosure showing what is meant by that language. If an applicant fails to set forth

-7- ORDER

an adequate disclosure, the applicant has in effect failed to particularly point out and distinctly claim the invention as required by the second paragraph of section 112." In re Donaldson Co., 16 F.3d 1189, 1195 (Fed. Cir. 1994) (en banc). "To meet the definiteness requirement, structure disclosed in the specification must be clearly linked to and capable of performing the function claimed by the means-plus-function limitation." Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc., 412 F.3d 1291, 1299 (Fed. Cir. 2005). While the disclosed structure need not include all things necessary to enable the claimed invention to work, "it must include all structure that actually performs the recited function." See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc., 296 F.3d 1106, 1119 (Fed. Cir. 2002).

Here, the '114 patent specification discloses a structure corresponding to the function claimed in Claim 1(b), and defendant makes no showing that one skilled in the art would not be able to discern that the structure disclosed is capable of performing the function of tensioning a chain. Further, the scope of the means-plus-function language is not limited solely to the structure in the specification but also covers its equivalents. See 35 U.S.C. § 112, ¶ 6 ("An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the

-8- ORDER

specification and equivalents thereof."). Therefore, defendant's motion for summary judgment of invalidity is denied.

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Cooney's Findings and Recommendation (doc. 102) issued on May 31, 2005 is ADOPTED, and defendant's motions for summary judgment of infringement and invalidity (docs. 65 and 70) are DENIED. Upon *de novo* review, issued April 30, 2004 (doc. 36) is ADOPTED, in part, with the exception of Claim 1(a)(ii) as set forth above.
IT IS SO ORDERED.

Dated this 11th day of September, 2005.

*Ann Aiken*
Ann Aiken
United States District Judge